# KENT COUNTY.

—◆—

## SOLOMON MATTESON *vs.* BENJAMIN S. CHASE.

Under Public Laws R. I. cap. 475, April 16, 1875, an appellant need not file in the appellate court a copy of the judgment appealed from.

EXCEPTIONS to the Court of Common Pleas.

Public Laws R. I. cap. 475, April 16, 1875, provides: " The appellant shall in no case, civil or criminal, be required to obtain or file a copy of the case or proceedings appealed from, but whenever his reasons of appeal are entered in the appellate court, the clerk or justice having custody of the original papers shall file the same with the clerk of such appellate court."

This statute being in force, Matteson sued Chase in the Justice Court of Coventry. Judgment was rendered for the defendant for his costs, and Matteson appealed to the Court of Common Pleas. The writ and declaration combined, with the judgment and appeal indorsed on it, and the bill of particulars of the account sued on, as required by Gen. Stat. R. I. cap. 195, § 5 ; cap. 185, § 34, were sent to the Court of Common Pleas from the Justice Court in proper form, but annexed to them was what seemed to be a copy of the judgment record spoken of in Gen. Stat. R. I. cap. 185, § 20. This judgment record, signed by the trial justice of the Justice Court, was headed " Solomon Colvin *vs.* Benjamin S. Chase," and recited the proceedings in the case.

The presiding judge of the Court of Common Pleas ruled that the appeal could not be tried on the papers sent up, and suggested that they be returned for amendment. To this the plaintiff objected, whereupon, on motion of the defendant, the case was dismissed, and the plaintiff excepted.

*Providence, June* 24, 1878. PER CURIAM. The exceptions raise the question whether on appeal under Pub. Laws R. I. cap. 475, April 16, 1875, it is necessary for the appellant to file in the appellate court a copy of the judgment appealed from in addition to his reasons of appeal and the original papers. We think not when the reasons of appeal state the judgment. In such case the fact that the appeal has been taken and the appeal bond filed, and that the original papers, with the judgment duly minuted thereon, have been sent up, is *primâ facie* evidence of the judgment stated, and will authorize the appellate court to proceed with the appeal, unless it is shown that the judgment was not rendered.                   *Exceptions sustained.*

*Dexter B. Potter*, for plaintiff.

*William B. Beach*, for defendant.